ORIGINAL

FILED
DEC 2 2 2006
U.S. COURT OF FEDERAL CLAIMS

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

BID PROTEST

| | | |
|---|---|---|
| HAMILTON SUNDSTRAND POWER SYSTEMS, | ) | **Proposed Redacted Copy** |
| Plaintiff, | ) | |
| v. | ) | No. 06-874 C |
| UNITED STATES OF AMERICA, | ) | Judge |
| Defendant. | ) | FILED UNDER SEAL |

**COMPLAINT FOR INJUNCTIVE, DECLARATORY, AND MONETARY RELIEF**

**Nature of the Case**

1. Hamilton Sundstrand Power Systems ("HSPS") brings this action because the Air Force arbitrarily disqualified it from the competitive range under Request for Proposal No. FA8518-05-R-75369 ("RFP"), a procurement for the award of an estimated $ requirements contract to design, test, and deliver a Large Aircraft Start System ("LASS").

2. The Air Force unreasonably excluded HSPS from the competitive range based on an arbitrary evaluation of alleged informational deficiencies in HSPS's technical proposal. The Air Force's evaluation was unequal and unfair because each and every type of alleged informational "deficiency" also appeared in technical proposals submitted by other offerors (including the contract awardee)

that were permitted by the Air Force to stay in the final competitive range. The administrative record discloses no fewer than twenty instances in which the Air Force evaluated HSPS unequally and unfairly relative to other bidders.

3. The Air Force's failure to allow HSPS to compete on a fair and equal basis prejudiced HSPS by preventing an otherwise likely contract award to the company. This is evident in that HSPS's proposed price ($ ) was some $ lower than the contract awardee's price ($ ). In addition, the Air Force issued a rating of " " that HSPS " , while in contrast the Air Force " " (Exh. 6, at 21-22.)[1]

## Jurisdiction

4. Section 1491 of the Judicial Code, 28 U.S.C. § 1491, grants jurisdiction to this Court. This Court may grant the relief requested pursuant to both sections 1491(a) and (b).

## Parties

5. HSPS is a business unit of Hamilton Sundstrand Corporation, a subsidiary of United Technologies Corporation. HSPS is a major supplier of auxiliary power units for military and commercial aircraft, with more than

---

1 All exhibit number citations refer to documentary exhibits attached to HSPS's Memorandum of Points and Authorities in Support of Motion for Preliminary Injunction, filed concurrently with this Complaint.

8,000 units in service with military forces in 32 countries. HSPS and its principal subcontractor, Rheinmetall Landsysteme of Kiel, Germany, produce the world's leading air start cart units. In addition to 216 units in commercial service and 38 in foreign military service, HSPS and RLS have supplied 328 air start carts (the MSU-200NAV Air Start Cart) under a current contract with the U.S. Navy (Contract No. N68335-03-C-0162), with an additional 68 units scheduled for delivery.

6. Defendant United States of America has acted through the United States Air Force. The current contracting officer for the challenged procurement is Patricia L. Farrell, USAF, Headquarters 542nd Combat Sustainment Wing, 642 CBSSS/GBZO-PKBB, 380 Richard Ray Blvd., Suite 104, Robins AFB, GA 31098-1640.

7. The LASS contract awardee is Science & Engineering Services, Inc. ("SESI"), whose address is 4015 Pulaski Pike, NW, Huntsville, Alabama 35810.

**Procurement Background**

8. On October 14, 2005, the Air Force issued RFP No. FA8518-05-R-75369 for the LASS, a four-wheeled, towable "air start cart" used to start engines for a variety of aircraft. The RFP provides for a best value award based on a Technically Acceptable-Risk/Performance/Price Tradeoff source selection procedure. This entails a two-step process under which the Air Force first makes a threshold decision on the "technical acceptability" of each offeror's proposal and then further

assesses only those proposals deemed technically acceptable for tradeoffs between risk, past and present performance, and price. (Exh. 1, at 29.)

9. HSPS timely submitted its proposal on December 14, 2005. In February 2006, the Air Force opened discussions with offerors in the competitive range, including HSPS, by issuing "Evaluation Notices" ("EN") with comments and requests for further information or clarification. HSPS submitted responses to the first set of ENs on March 3, 2006. The Air Force issued a second set of ENs to HSPS on April 17, 2006, to which HSPS replied on April 28, 2006.

10. On July 10, 2006, the Air Force eliminated HSPS from the competitive range after finding HSPS's proposal "technically unacceptable." In its notice letter to HSPS dated July 11, 2006, the Air Force indicated that HSPS had failed to provide information sufficient to demonstrate compliance with RFP technical requirements, and identified various alleged informational deficiencies in HSPS's technical proposal and EN responses.

11. On July 20, 2006, HSPS submitted a protest to the Air Force contesting the alleged deficiencies. The Air Force denied the protest on August 25, 2006.

12. On August 28, 2006, the Air Force awarded the LASS contract to SESI.

13. On September 1, 2006, HSPS filed a protest with the Government Accountability Office challenging the alleged informational deficiencies.

14. The Air Force filed its Agency Report on October 5, 2006. The Agency Report included (among other materials) the Air Force's Final Technical Evaluation

Report on bidders' technical proposals, as well as the technical proposals and EN responses submitted by SESI and two other offerors who qualified for the final competitive range, HoveCo and BAE Systems.

15. On October 16, 2006, HSPS submitted its Comments on the Agency Report, which asserted the Air Force's unequal treatment of HSPS as a new ground of protest. HSPS identified and discussed in itemized detail at least twenty instances documented in the Agency Report in which the Air Force evaluated HSPS's technical proposal unequally and unfairly relative to its evaluation of the technical proposals of SESI, HoveCo, and BAE Systems.

16. The Air Force did not oppose or otherwise respond to HSPS's new unequal treatment ground of protest.

17. The GAO denied HSPS's protest on December 8, 2006. While HSPS believes that the GAO improperly denied its protest in many particulars, HSPS has limited this action to the Air Force's unequal treatment, an issue which the GAO largely ignored (devoting less than one page of a 10-page opinion to the issue) and which requires that the contract award to SESI be set aside.

**Factual Allegations and Legal Contentions**

18. The Air Force eliminated HSPS from the competitive range based upon a combination of a number of informational deficiencies deemed to render HSPS's technical proposal unacceptable.

19. The alleged informational deficiencies identified by the Air Force generally included:

(a) HSPS's alleged

;

(b) HSPS's

; and

(c) HSPS's

.

20. The Agency Report revealed that the Air Force treated HSPS unequally relative to other bidders with regard to each and every type of alleged informational deficiency.

21. In particular, the Agency Report disclosed that the technical proposals submitted by SESI, HoveCo, and BAE Systems—offerors who were permitted to stay in the competitive range—contained the same type of informational "deficiencies" identified by the Air Force in HSPS's technical proposal. In several cases the final competitive range proposals contained exactly the same alleged informational "deficiencies," yet the Air Force did not assess those items as "deficiencies" against SESI, HoveCo, or BAE Systems.

<u>Unequal Evaluation of</u>

22. The Air Force arbitrarily and unfairly singled out HSPS for allegedly

, when proposals submitted by other offerors who did

qualify for the final competitive range contained exactly the same "deficiencies," or

23. For example, the Air Force treated HSPS unequally when determining that HSPS

24. Notwithstanding the essentially identical proposal responses of HSPS, SESI, and HoveCo, the Air Force arbitrarily singled out only HSPS as technically unacceptable in part for

In contrast, the Air Force found SESI's "technically acceptable," with no deficiencies. (Exh. 11 at 33.) The Air Force also found HoveCo technically acceptable in this area. (Exh. 11, at 25-26.)

Unequal Evaluation of

25. The Air Force arbitrarily treated as an informational "deficiency" HSPS's

(Exh. 14, at 10.)

Disqualification of HSPS on this basis reflects an improper, unequal evaluation of HSPS relative to other bidders. In particular, contract awardee SESI's technical proposal

27. For example, SESI

The Air Force found this approach "technically acceptable" (*see* Exh. 11, at 33), notwithstanding the fact that

28. By contrast, the Air Force took issue with HSP's

and included this criticism in its grounds for ejecting HSPS from the competitive range.

Unequal Evaluation of

29. The Air Force also engaged in unequal treatment by arbitrarily assessing HSPS's

as informational "deficiencies."

30. For example, HSPS's Technical Proposal

The Air Force determined that these items were some of the informational "deficiencies" that rendered the proposal "technically unacceptable" as a whole and required HSPS's elimination from the competitive range. (Exh. 8, at 2.)

31. By contrast, the Air Force did not assess deficiencies or otherwise penalize other offerors whose technical proposals

32. Accordingly, the Air Force eliminated HSPS from the competitive range based upon a technical evaluation that was arbitrary and did not treat HSPS equally and evenhandedly relative to other offerors.

**Bases for Injunctive Relief**

33. HSPS has a strong likelihood of success on the merits of this action, because the Air Force's elimination of HSPS from the competitive range was contrary to law, arbitrary, capricious, an abuse of discretion, unreasonable, inconsistent with the record, unsupported by substantial evidence, and of no force or effect. In multiple respects, the Air Force breached its implied contract to consider HSPS's proposal fairly, equally, and in accordance with the RFP.

34. The Air Force's arbitrary and unequal technical evaluation and competitive range exclusion prejudiced HSPS because HSPS would have had a substantial chance of receiving the LASS contract award had it not been unreasonably disqualified.

35. HSPS has no adequate remedy at law for the Air Force's unlawful actions, to make it whole for the damages it has sustained and will continue to sustain if the Air Force continues performance with SESI.

36. Without injunctive relief, HSPS will suffer irreparable injury and prejudice because, *inter alia*, HSPS will be deprived of profits and business opportunities under the LASS contract.

37. Without injunctive relief, HSPS will suffer additional irreparable damage including, but not limited to, the possible loss of valuable employees, loss of

the substantial resources devoted to the proposal effort, and loss of additional business opportunities.

38. SESI would not be prejudiced by the requested injunctive relief. It has no rights to continue performance under a contract award tainted by the Air Force's unequal technical evaluation and arbitrary exclusion of HSPS from the competitive range. SESI's rights related to its performance are fully protected by the Termination for Convenience clause in its contract.

39. The public interest demands injunctive relief to ensure that this procurement is conducted in conformity with procurement laws and regulations.

## COUNT I

### The Air Force's Technical Evaluation and Competitive Range Determination Were Arbitrary and Treated HSPS Unequally Relative to Other Bidders

40. HSPS incorporates by reference paragraphs 1 through 40 above.

41. The Federal Acquisition Regulation requires "consistency among the solicitation requirements, notices to offerors, [and] proposal preparation instructions . . . " FAR § 15.303(b)(3).

42. The Federal Acquisition Regulation requires that "Government personnel involved in the acquisition shall not engage in conduct that . . . [f]avors one offeror over another . . . ." FAR § 15.306(e).

43. The Federal Acquisition Regulation requires that contracting officers "[e]nsure that contractors receive impartial, fair, and equitable treatment." FAR § 1.602-2(b).

44. An agency has an implied duty to evaluate offerors' proposals fairly, equally, and honestly.

45. The Air Force violated these duties in the following respects, among others:

(a) the Air Force treated HSPS unequally by disqualifying HSPS from the competitive range for in part , while at the same time admitting to the final competitive range other offerors whose proposals contained the same and/or similar informational deficiencies.

(b) the Air Force treated HSPS unequally by disqualifying HSPS from the competitive range in part for , while at the same time admitting to the final competitive range other offerors whose proposals contained the same and/or similar informational deficiencies.

(c) the Air Force treated HSPS unequally by disqualifying HSPS from the competitive range in part for , while at the same time admitting to the final competitive range other offerors whose proposals contained the same and/or similar informational deficiencies.

46. In eliminating HSPS from the competitive range on the basis and for the reasons stated in this count, the Air Force acted arbitrarily, capriciously,

unreasonably, inconsistently with the record evidence, contrary to procurement laws and regulations, and in violation of the Administrative Procedure Act. This unlawful action is to the great prejudice of HSPS.

WHEREFORE, HSPS requests that it be granted the relief requested in its Requests for Relief.

**Requests for Relief**

HSPS prays that this Court provide the following relief:

1. a preliminary injunction enjoining the United States, and each and all of its officers, agents, servants, employees, and attorneys, and all those persons acting in concert or participation with any of them, and in particular Contracting Officer Patricia L. Farrell, from allowing any further performance under Contract No. FA8533-06-D-0007 during the pendency of this action.

2. a permanent injunction enjoining the United States, and each and all of its officers, agents, servants, employees, and attorneys, and all those persons acting in concert or participation with any of them, and in particular Contracting Officer Patricia L. Farrell, from allowing any further performance under Contract No. FA8533-06-D-0007 should HSPS be successful in this action;

3. a declaratory judgment that the Air Force's elimination of HSPS from the competitive range was contrary to law, arbitrary, capricious, unreasonable, and of no force or effect;

4. a declaratory judgment and an order setting aside the award of Contract No. FA8533-06-D-0007 to SESI, and directing the Air Force to reinstate HSPS to the competitive range, to allow HSPS to submit a final proposal, and to

evaluate HSPS's final proposal in a fair and equal manner relative to its evaluation of any other proposals;

5. in the alternative, a declaratory judgment and order directing the Air Force to set aside the award of Contract No. FA8533-06-D-0007 to SESI, to reinstate HSPS to the competitive range, to solicit another round of offers, and to evaluate revised offers fairly and equally;

6. an order awarding HSPS its bid preparation and proposal costs in an amount to be proven;

7. an order awarding HSPS its costs of pursuing this action, including attorneys' fees; and

8. such other relief as the Court may deem just and appropriate.

Respectfully submitted,

Frederick W. Claybrook, Jr.
(Counsel of Record)
Michael D. Newman
(Of Counsel)
(Application for Admission to Court of Federal Claims pending)
Brian M. Russ
(Of Counsel)
(Application for Admission to Court of Federal Claims pending)

CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, D.C. 20004-2595
(202) 624-2500 Phone
(202) 628-5116 Facsimile

Attorneys for Hamilton Sundstrand Power Systems

December 22, 2006

IR3726451 (Cam No. 089257.3714)