**AGREED-UPON REDACTED COPY**
**- MAY BE MADE PUBLIC**

**PROTECTED INFORMATION**
**TO BE DISCLOSED ONLY IN ACCORDANCE WITH**
**U.S. COURT OF FEDERAL CLAIMS PROTECTIVE ORDER**

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

BID PROTEST

| | | |
|---|---|---|
| HAMILTON SUNDSTRAND POWER SYSTEMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 06-874C |
| v. | ) | |
| | ) | (Judge Bruggink) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

# DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION BRIEF

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

MARK A. MELNICK
Assistant Director

TIMOTHY P. MCILMAIL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D.C. 20530
Telephone: (202) 616-0342
Facsimile: (202) 514-7965

OF COUNSEL:
MAJOR JOHN G. TERRA
Trial Attorney
United States Air Force
Arlington, VA

January 31, 2007

Attorneys for Defendant

# TABLE OF CONTENTS

PAGE(S)

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I. HSPS Fails To Establish The Prejudice Required For Standing Or For An Injunction . . . . . . . . . . . . 1

II. HSPS Does Not Demonstrate That The Government Treated It Unequally . . . . . . . . . . . . . . . . . 5

III. HSPS Does Not Demonstrate That The Balance Of Hardships And The Public Interest Favor Injunctive Relief . . . . . . . . . . . . . . . . . . . . . . 10

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . 11

CERTIFICATE OF FILING

## TABLE OF AUTHORITIES

### FEDERAL CASES

Baltimore Gas & Electric Co. v. Natural Resource Defense Council, Inc., 462 U.S. 87 (1983) . . . . . 6

Banknote Corp. of America, Inc. v. United States, 56 Fed. Cl. 377 (2003), aff'd, 365 F.3d 1345 (Fed. Cir. 2004) . . . . . 6

Bannum, Inc. v. United States, 404 F.3d 1346 (Fed. Cir. 2005) . . . . . 2

Casa de Cambio Comdiv S.A., de C.V. v. United States, 291 F.3d 1356 (Fed. Cir. 2002) . . . . . 4

Cincom Systems v. United States, 37 Fed. Cl. 266 (1997) . . . . . 10-11

E.W. Bliss Co. v. United States, 77 F.3d 445 (Fed. Cir. 1996) . . . . . 5

Gentex Corp. v. United States, 58 Fed. Cl. 634 (2003) . . . . . 10

Impresa Construzioni Geom. Domenico Garufi v. United States, 238 F.3d 1324, 1333 (Fed. Cir. 2001) . . . . . 2

Information Technology and Applications Corp. v. United States, 51 Fed. Cl. 340 (2001) . . . . . 2

Overstreet Elec. Co., Inc. v. United States, 47 Fed. Cl. 728 (2000) . . . . . 10

Ryan Co. v. United States, 43 Fed. Cl. 646 (1999) . . . . . 2-3, 6

**PROTECTED INFORMATION**
**TO BE DISCLOSED ONLY IN ACCORDANCE WITH**
**U.S. COURT OF FEDERAL CLAIMS PROTECTIVE ORDER**

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

BID PROTEST

| | | |
|---|---|---|
| HAMILTON SUNDSTRAND POWER SYSTEMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 06-874C |
| v. | ) | |
| | ) | (Judge Bruggink) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

<u>DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION BRIEF</u>

<u>INTRODUCTION</u>

In our opening brief, defendant, the United States, demonstrated that the Court does not possess jurisdiction to entertain this action because plaintiff, Hamilton Sundstrand Power Systems ("HSPS"), does not demonstrate that it possesses standing. We also demonstrated that HSPS does not meet the requirements for an injunction. HSPS's opposition to our requests for dismissal and judgment in favor of the Government fails to demonstrate otherwise.

<u>ARGUMENT</u>

I. <u>HSPS Fails To Establish The Prejudice Required For Standing Or For An Injunction</u>

HSPS continues to fail to bear its burden of establishing the prejudice required to establish both standing and that an injunction is warranted. It is not enough that HSPS allege, or

even demonstrate, that it was treated unequally; it must demonstrate that unequal treatment prejudiced it. See Info. Techn. & Applications Corp. v. United States, 316 F.3d 1312, 1319 (Fed. Cir. 2003); Bannum, Inc. v. United States, 404 F.3d 1346, 1353 (Fed. Cir. 2005). HSPS can only have been prejudiced if, but for the unequal treatment that it alleges, it had a substantial chance of being awarded the contract. See Bannum, 404 F.3d at 1353. It can only have had a substantial chance of being awarded the contract, however, if its proposal was technically acceptable, or if every other offeror that remained in the competitive range was technically unacceptable. Cf. Impresa Construzioni Geom. Domenico Garufi v. United States, 238 F.3d 1324, 1329, 1333-34 (Fed. Cir. 2001) (holding that protester who was excluded from competitive range had standing to challenge responsibility determination regarding awardee, the sole remaining offeror).

If only one of bases upon which the Government determined that HSPS's proposal was not technically unacceptable is reasonable, then HSPS does not have a substantial chance of being awarded the contract unless the proposal of every offeror in the competitive range was technically unacceptable such that the Government would not have been able to award a contract to any offeror, and would have had to conduct further discussions, including with HSPS. Cf. Ryan Co. v. United States, 43 Fed. Cl.

646, 657-58 (1999) (holding that protester did not possess standing to assert deficiencies in evaluation of the responsiveness of awardee's bid in action alleging unequal treatment in responsiveness determinations where awardee, but not protester, submitted descriptive literature as required by the Invitation For Bids).

HSPS fails to make either demonstration. Contrary to its contention (Plaintiff's Opposition Brief ("Pl. Opp. Br.") at 3 n.2), HSPS does not allege in its complaint that it is "technically qualified." Of course, technical qualification is not the term that the solicitation uses, but even if HSPS means that it has alleged that its proposal was "technically acceptable," HSPS misreads the paragraphs of its complaint to which it cites. HSPS alleges in those paragraphs that it "submitted a protest to the Air Force contesting the alleged deficiencies" that the Air Force identified (Complaint ("Compl.") ¶ 11), and that although it "believes that the [Government Accountability Office ("GAO")] improperly denied its protest in many particulars, HSPS has limited this action to the Air Force's unequal treatment . . . ." Id. ¶ 17. Neither paragraph alleges that HSPS's proposal was technically acceptable; indeed, by limiting this action to one challenging alleged unequal treatment, HSPS abandoned the claim that it raised before the GAO

(AR 34, 36[1]) that its proposal was technically acceptable. Cf. Casa de Cambio Comdiv S.A., de C.V. v. United States, 291 F.3d 1356, 1366 (Fed. Cir. 2002) (holding that a plaintiff waived any claim it may have had against the Government based upon an agency theory because no mention of that theory appeared in its complaint).

Even if HSPS has not waived that issue, it does not demonstrate that its proposal was technically acceptable. Nor can it, because, as we demonstrated in our opening brief, to be technically acceptable, its proposal must have included [redacted]. AR 139-40 ¶ 2. HSPS does not dispute that [redacted].[2]

Moreover, HSPS continues to fail to address the Government's determination (AR 300, 1332) that HSPS's proposal was technically unacceptable because it failed to provide (1) information on [redacted], (2) [redacted]

---

[1] "AR" refers to the administrative record filed in this case on January 5, 2007. Cited pages of the administrative record that were not appended to our opening brief are appended electronically to this brief.

[2] Highlighting or shading denotes protected material.

[redacted], (3) [redacted], or (4) [redacted]. In addition, HSPS continues to fail even to argue that the proposals of HSPS, Science and Engineering Services, Inc. ("SESI"), BAE Systems Aircraft Control, Inc. ("BAE"), and HoveCo were technically unacceptable. Therefore, even if the Government treated HSPS unequally with respect to the items that HSPS challenges, such that those reasons were not valid reasons upon which to exclude HSPS from the competitive range, HSPS would still not have a substantial chance of receiving the award, because its proposal would still have been technically unacceptable based upon the items that it does not challenge, and the Government would still be able to award the contract to one of the offerors remaining in the competitive range.

## II. HSPS Does Not Demonstrate That The Government Treated It Unequally

Second, HSPS does not demonstrate that the Government treated it unequally. HSPS's item-by-item comparisons of its proposal and those of SESI, BAE, and HoveCo miss the mark: they are, in effect, invitations to the Court to engage in the minutiae of technical rating decisions that a court will not second guess. See E.W. Bliss Co. v. United States, 77 F.3d 445, 449 (Fed. Cir. 1996). That is, whether a particular proposal actually met the requirement that it demonstrate "a sound, compliant approach that meets all the requirements of [the

Purchase Description ("PD")] and also demonstrates a thorough knowledge and understanding of those requirements and their associated risks" (AR 139 ¶ 2(A)), is a matter that the Court should not second guess. Rather, the Court should only inquire into whether the exclusion of HSPS's proposal from the competitive range for technical unacceptability and the inclusion of the other proposals in that range was within the zone of acceptable results. See Banknote Corp. of America, Inc. v. United States, 56 Fed. Cl. 377, 380 (2003) (citing Baltimore Gas & Elec. Co. v. Natural Res. Def. Council, Inc., 462 U.S. 87, 105 (1983)), aff'd, 365 F.3d 1345 (Fed. Cir. 2004). In doing so, the Court should look at whether the proposals were similarly-situated. See Ryan, 43 Fed. Cl. at 658. For the following reasons, HSPS fails to demonstrate that the Government's decision-making does not meet that standard.

First, in aspects that HSPS does not dispute, HSPS's proposal was not similarly-situated to those of SESI, BAE, and HoveCo. The Government determined that HSPS's proposal was technically unacceptable because it failed to provide sufficient information regarding [redacted]. AR 300, 1332. HSPS fails to

argue, much less demonstrate, that the proposals of SESI, BAE, and HoveCo were deficient in those respects.

Second, although HSPS challenges the [redacted] provided by SESI, BAE, and HoveCo (Pl. Opp. Br. at 20-23), at least those offerors [redacted] to the requirement that, to be technically acceptable with respect to [redacted] (AR 140), a proposal must [redacted] AR 779, 784, 1075, 1276, 1307. HSPS, by contrast, failed to provide [redacted]. AR 328. Upon those bases alone, the Government reasonably excluded HSPS from the competitive range while including SESI, BAE, and HoveCo.

Third, HSPS did not provide the same level of proposal detail as did SESI, BAE, and HoveCo. Where others provided narrative and diagrammatic detail from which the Government could discern how the proposal would comply with the PD requirements, HSPS, with respect to many requirements, provided the one word "COMPLY" or, even when asked for more information and clarification, answered that a detailed design would be forthcoming only after contract award. AR 323, 328, 497-506. For example, unlike other offerors (AR 783, 1297), HSPS failed to

indicate whether [redacted], an issue HSPS does not address. AR 502. And unlike BAE's proposal, which described a [redacted] (AR 1046 ¶ 2.3.4), HSPS provided no information from which the Government could discern that its [redacted] would allow [redacted]. Indeed, HSPS provided information from which the Air Force could discern that HSPS's proposal did not meet this requirement: the proposal described [redacted]. AR 490. (HSPS's argument that the requirement for such [redacted]" (Pl. Opp. Br. at 19) is irrelevant to whether it was required to propose [redacted].) Whether BAE's proposal [redacted] and whether the Air Force accurately discerned the meaning of BAE's proposed [redacted] is beside the point: the question is whether the Government could reasonably discern from the information provided that a proposal provided [redacted]. BAE provided such information; HSPS did not.

Moreover, where SESI explained how it would comply with requirements in areas that the Government found were insufficiently addressed (A675), HSPS's explanation indicated that it would demonstrate compliance only after contract award, and upon its terms. AR 323, 325, 327-28. Where SESI generally

referred to [redacted] (AR 758), HSPS proposed only [redacted]. AR 323, 328. Indeed, in these and other respects, HSPS's litigation position regarding the level of detail contained in its proposal contrasts sharply with its candid, pre-award, pre-protest admissions that the design that it was proposing was [redacted]. AR 323, 328.

Finally, it does not matter whether PD requirements were "minor" or whether the Government might have allowed an awardee to address proposal design omissions during contract performance. The request for proposals ("RFP") set forth criteria for technical acceptability that established a standard that a proposal was required to meet for an offeror to be included in the competitive range. AR 139-40. Proposals were evaluated against that standard - not each other - to determine technical acceptability and inclusion in the competitive range. AR 1321-60. (The past performance evaluation that HSPS relies upon (Pl. Br. Opp. at 28-29) was not part of the process for determining technical acceptability and inclusion in the "tradeoffs . . . between proposal risk, past and present performance and price." AR 139 ¶ 1.) No offeror was entitled to determine for itself which items that comprised the technical acceptability standard

it could short-change or ignore altogether without risk of exclusion from the competitive range.

III. HSPS Does Not Demonstrate That The Balance Of Hardships And The Public Interest Favor Injunctive Relief

HSPS does not demonstrate that the balance of hardships and the public interest weigh in favor of injunctive relief. HSPS's lost profits estimate ignores that the contract at issue is a requirements-type contract that does not guarantee any minimum order. AR 113. HSPS also improperly factors into its calculus (Pl. Opp. Br. at 30-34), without citation to any authority, remote and speculative matters such as option periods, sales of spare parts and replacement units, loss of competitive advantage and reputation, and even sales to foreign militaries. Cf. Overstreet Elec. Co., Inc. v. United States, 47 Fed. Cl. 728, 744 (2000) (noting that loss of valuable business on a contract has been found sufficient to prove irreparable harm). HSPS also improperly points (Pl. Opp. Br. at 30-34), to losses that its subcontractor might suffer without an injunction. See Gentex Corp. v. United States, 61 Fed. Cl. 49, 53 (2004).

By contrast, HSPS fails to refute the Government's demonstration that further delay to this procurement will adversely affect military preparedness. HSPS argues that the needs of the Government are not urgent, but urgency is not the touchstone of the Court's inquiry; the issue is whether an injunction will affect military preparedness. See Cincom Sys.

v. United States, 37 Fed. Cl. 266, 269 (1997). Nevertheless, the Air Force has a current need for LASS units, which is an urgent need regardless of how long the Air Force will have to wait for those units absent an injunction. Declaration of John A. Medlin, Colonel, USAF (electronically attached to Government opening brief) ¶¶ 6, 8-10. HSPS cites to no authority for the proposition that a decision not to override a stay of performance during bid protest proceedings before the GAO outweighs the adverse effect upon military preparedness that would result from further delay to satisfaction of a current military need.

## CONCLUSION

For all these reasons and those set forth in our opening brief, the Court should either dismiss this action for lack of subject matter jurisdiction, or deny HSPS's motion for judgment upon the administrative record and grant judgment upon the administrative record in favor of the United States.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Mark A. Melnick
by s/Brian M. Simkin
MARK A. MELNICK
Assistant Director

s/Timothy P. McIlmail
TIMOTHY P. MCILMAIL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 616-0342
Facsimile: (202) 514-7965

OF COUNSEL:
MAJOR JOHN G. TERRA
Trial Attorney
United States Air Force
AFLOA/JACQ
Arlington, VA

January 31, 2007

Attorneys for Defendant

Certificate of Filing

I hereby certify that on January 31, 2007, a copy of the foregoing Defendant's Reply To Plaintiff's Opposition Brief was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Timothy P. McIlmail

Certificate of Filing

I hereby certify that on February 1, 2007, a copy of the foregoing Defendant's Reply To Plaintiff's Opposition Brief (Agreed-Upon Redacted Copy - May Be Made Public) was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Timothy P. McIlmail